Dear Mayor Williams:
You have requested the opinion of this office on whether the City must reject a low bid received from a contractor when the corporate resolution authorizing the bidder's representative to sign the bid had no witness signatures.
Your request indicates that the Invitation for Bids stated, "The City of Shreveport reserves the right to reject any and/or all bids and to waive any informalities." Special instructions in the bid package also stated that, "An original and one (1) copy of the official Bid Proposal Form, Bid Bond and Power of Attorney, Non-Collusion Affidavit, and Resolution of the Board of Directors shall be submitted with your bid. Those submitted otherwise will not be considered or accepted."
Included in your bid packet was a "corporate resolution" form which included a signature line and spaces for two witnesses to sign. There was no instruction in the bid packet which required the signatures of two witnesses on this resolution. In the bid in question, your corporate resolution form was used and signed by someone identified as the secretary-treasurer of the corporation, but there were no signatures on the two lines provided for witnesses.
The addition of R.S. 38:2212A(1)(b) to the Public Bid Law by Act 398 of 1987 means that, notwithstanding the language in your bid document, you do not have authority to "waive informalities". That statute reads:
 The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity.
However, we do not feel that this change in the law precludes your accepting the corporate resolution as submitted. While your corporate resolution form provides lines for witness signatures, there is no instruction which makes mandatory such witness signatures and the absence of witnesses has no impact on the validity of the resolution, which is not typically witnessed in general commercial practice. If the corporate secretary had failed to sign the form, then the resolution would not have been valid, since that signature is essential to give effect to the resolution. However, since witness signatures were neither indispensable to the validity of the instrument nor required by your instructions, their absence is of no consequence in evaluating the bid. You may consider the bid if it is otherwise responsive to your specifications, terms and conditions.
I trust that this answers your inquiry. Please let us know if we may be of further assistance in this matter.
ours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ GLENN R. DUCOTE
Assistant Attorney General
RPI/GRD/cla